IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MARTHA BURKS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CASE NO.: 1:14-cv-12 (WLS) |
| | : | |
| WALMART STORES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER

Before the Court is *pro se* Plaintiff Martha Burks's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2.) For the following reasons, Plaintiff's Motion (Doc. 2) is **GRANTED**, and Plaintiff is **ORDERED** to amend her Complaint (Doc. 1) in a written filing that must be received by the Clerk's Office not later than **Monday, February 3, 2014**. Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of her action.

### DISCUSSION

**I.** *In Forma Pauperis* **Procedure**

This Court must follow a well-established two-step procedure in processing a case filed in forma pauperis under 28 U.S.C. § 1915. *Cotton v. Georgia*, No. 5:07-cv-159 (HL), 2007 WL 1810231, at *1 (M.D. Ga. Jun. 21, 2007). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985).

"Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious." *Id.*

## II. Plaintiff's Financial Status

Upon review of *pro se* Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), the Court finds that Plaintiff appears to meet the requirements of 28 U.S.C. § 1915. In her Motion, Plaintiff represented that she does not have an income. Accordingly, the Court finds that Plaintiff appears to meet the requirements of 28 U.S.C. § 1915(a)(1) for proceeding *in forma pauperis* and **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2.)

## III. Validity of Plaintiff's Complaint

With Plaintiff's indigent status confirmed, the Court must conduct a review of her Complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires a court to dismiss an indigent party's case at any time if the court determines that the party's action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. The Court acknowledges that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hyland v. Kolhage,* 158 F. App'x 194, 196 (11th Cir. 2005) (quoting *Estelle v. Gamble,* 429 U.S. 97 (1976)). However, the Court also recognizes that "even in the case of *pro se* litigants this leniency does not give a court license to serve as a *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). In summary, "[c]ourts show leniency to *pro se* litigants, however, *pro se*

2

litigants are still required to conform to the procedural rules, and the court is not required to rewrite deficient pleadings." *Jacox v. Dep't of Def.*, 291 Fed. App'x 318, 318 (11th Cir. 2008) (citing *GJR Invs.*, 132 F.3d at 1369).

Here, it is unclear whether the Court has jurisdiction over Plaintiff's case. In her complaint, Plaintiff seeks $950,000 in damages for defamation and slander after Walmart employees allegedly reported her to the Albany Police Department for vandalizing their store. Although the Parties appear to be diverse, it is far from clear that Plaintiff made her request for damages in good faith. In general, a plaintiff satisfies the amount in controversy if she demands a sufficient sum in good faith. *St. Paul Mercury Indem Co. v. Red Cab. Co.*, 303 U.S. 283, 288–89 (1938). "In deciding this question of good faith [the Supreme Court] [has] said that it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Horton v. Liberty Mut. Life Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *Red Cab. Co.*, 303 U.S. at 289). The complaint is bereft of allegations to determine whether she made her damages request in good faith.

The Court will not dismiss the complaint, however, because "where a more carefully drafted pleading might state a claim, a plaintiff must be given at least one chance to amend the complaint prior to dismissal." *Edwards v. Fernandez-Rundell*, 512 F. App'x 996, 997 (11th Cir. 2013) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

Accordingly, Plaintiff is **ORDERED** to amend her Complaint (Doc. 1) in a written filing that must be received by the Clerk's Office not later than **Monday, February 3, 2014**. In the amended complaint, Plaintiff must set forth sufficient allegations as to the amount in controversy for the Court to assess jurisdiction. If Plaintiff has not done so already, the Court recommends that she review the "Pro Se Litigant Guide" available from the Clerk's Office prior to filing her Amended Complaint. Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of her action without further notice or proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff' Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**, and Plaintiff is **ORDERED** to amend his Complaint (Doc. 1) in a written filing that must be received by the Clerk's Office not later than **Monday, February 3, 2014**. Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of her action without further notice or proceedings. Plaintiff must also immediately inform the Clerk's office of any change in address.

**SO ORDERED**, this   21st   day of January, 2014.

                                      /s/ W. Louis Sands  
                                      **W. LOUIS SANDS, JUDGE**  
                                      **UNITED STATES DISTRICT COURT**